IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCISCO ARACENA<br>4902 North Camac Street<br>Philadelphia, PA 19141 | : <br> : <br> : **CIVIL ACTION** <br> : |
| Plaintiff, <br> v. | : **No.:** <br> : <br> : |
| PAVILION APARTMENTS PENN, LLC<br>3901 Conshohocken Avenue<br>Philadelphia, PA 19131<br>and<br>PF HOLDINGS, LLC<br>10 Hill Street, Ste. 1E<br>Newark, NJ 07102<br>and<br>ELI FRISCHMAN<br>3901 Conshohocken Avenue<br>Philadelphia, PA 19131 | : **JURY TRIAL DEMANDED** <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

## CIVIL ACTION COMPLAINT

Plaintiff, Francisco Aracena (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff has initiated this action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA - 29 U.S.C. § 201 *et. seq.*) and applicable state law(s). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

### II. Jurisdiction and Venue

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has

<5B>supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III. Parties

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual with an address as set forth above.

7. Defendant Pavilion Apartments Penn, LLC (*hereinafter* "Defendant PAP") is a private company, incorporated in the Commonwealth of Pennsylvania, and functions as an apartment complex in Philadelphia, Pennsylvania.

8. Defendant PF Holdings, LLC (hereinafter "Defendant PF") is a private company, operating from New Jersey, and it acquires, retains and directly manages assets including but not limited to Defendant PAP.

9. Plaintiff was considered to be a direct employee of Defendant PAP *physically*. Plaintiff was however considered to be employed functionally for Defendants PAP and PF, he

was managed and terminated by Defendant PF management, and Defendant PF management closely supervised, set directives, and oversaw operations of Defendant PAP. Plaintiff's compensation came from Defendant PF's address, but it identified Defendant PAP as his employer. These entities were closely related, overlapped in management, shared resources, and constitute – from a legal standpoint – a joint, single and/or integrated employer of Plaintiff.

10. Defendant Eli Frischman was upon information and belief an employee of Defendant PF who indirectly supervised Plaintiff, oversaw Plaintiff's compensation and other terms and conditions of employment, and who personally terminated Plaintiff from his employment with Defendants.

11. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

### IV. Factual Background

12. The foregoing paragraphs are incorporated herein as if set forth in full.

13. Defendant PF acquired Defendant PAP almost (and approximately) 2 years ago. Defendant PAP at that time and presently consists of more than 290 separate rental units / apartments in a large apartment complex. Defendant PF acquired, oversaw and managed operations within Defendant PAP daily.

14. When Defendant PF acquired Defendant PAP, Defendants acquired Plaintiff from his prior employer at that time (as it did other employees working therein). Plaintiff's payroll, management structure and compensation was changed once the transition and acquisition was finalized.

15. Plaintiff's job title immediately preceding acquisition by Defendants was Maintenance Technician. Two (2) full-time employees held the position of Maintenance Technician prior to the aforesaid acquisition, inclusive of Plaintiff. In addition to 2 Maintenance technicians, there was a maintenance employee referred to as a Service Manager.

16. Even with the aforesaid 3 employees handling maintenance work for over 290 apartments, all 3 employees worked full-time (and overtime) and could barely keep up with all of the maintenance work required to be performed daily.

17. Plaintiff was considered a non-exempt hourly (paid) employee pre-acquisition, and he was properly paid overtime compensation at a rate of time and one half for all hours worked beyond 40 hours per week.

18. Post-acquisition by Defendants, Plaintiff was: (a) given the title of "Service Manager;" (b) converted to a salary; and (c) not paid any compensation for hours worked over 40 at a rate of time and one half (or any overtime compensation).

19. In addition to changing Plaintiff's compensation structure and job title, for the bulk of Plaintiff's employment with Defendants, Plaintiff was employed with only 1 Maintenance Technician.

20. While Plaintiff was called a "Service Manager" for Defendant, he

   (a) Did not hire or terminate employees;

   (b) Did not enforce policies, as he himself was never even provided with an employee handbook or policy;

   (c) Did not evaluate, discipline, or give even give raises to anyone as would be typical of management; and

   (d) Did not actually or customarily supervise employees, let alone 2 or more full-time employees (as required by the Executive overtime exemption).

21. Although Defendants changed Plaintiff's job title to Service Manager, Plaintiff continued to perform identical work that he performed as a non-exempt employee Maintenance Technician. He was intentionally misclassified by Defendants to avoid paying overtime.

22. Defendants intentionally ran the 290-plus unit complex in a very shoddy manner, as it often consisted of low-income earners, those on Section-8 government assistance, and people generally of lower financial means (emboldening Defendants to provide a lower standard of care).

23. In doing so, Defendants for example:

   (a) Intentionally understaffed the apartment complex with maintenance people knowing Plaintiff would perform near exclusively maintenance work with only 1 other maintenance technician; and

   (b) Negligently and unlawfully refused to hire vendors and companies with certified plumbers, certified electricians and other specialized and regulated technicians and had Plaintiff performing day-long or week-long projects that were required to be performed by certified contractors (as Plaintiff did not possess such certifications).[1]

24. Plaintiff sporadically had to order some needed equipment and supplies once given the title of Service Manager, but his primary duties and 90% - 100% of his time each day and week was spent performing manual labor, general repairs, painting, cleaning, renovating apartments due to tenants moving in and out of the complex (and other similar labor).

25. Plaintiff could not possibly meet any exemptions under state or federal overtime laws, nor could Defendants have properly or reasonably classified Plaintiff as exempt under the "Executive Exemption" merely by referring to him as a "Manager."

26. Plaintiff lived on premises of the apartment complex, and he averaged working minimum 50-70 hours per week. He was required to only document time for Defendants of time

---

[1] Solely by way of example, Plaintiff was directed to re-wire and electrically repair numerous light poles within the apartment complex, a project that took him at least 1 week when Defendants refused to pay over $2,000.00 per light pole for experienced, qualified *and certified* electricians.

he spent during each day working, but he was consistently contacted by Defendants' personnel or tenants for repairs and emergencies at all hours of the day and morning even outside of his regular work shifts (to which Plaintiff responded and handled).

27. During Plaintiff's last approximate 6 months of employment, he had complained multiple times to Defendants' management, including to Defendant Frischman (Regional Property Manager), about working so beyond 40 hours per week and not getting anything towards overtime compensation.

28. No reasonable employer or manager could have reasonably withheld overtime pay to Plaintiff on any actual or perceived lawful basis. Additionally, Plaintiff's complaints about unpaid overtime were ignored. Instead, Plaintiff was given a verbal pat on the back and assured he would get a bonus to make up for all of his overtime hours (a bonus that was never actually paid to Plaintiff). Plaintiff is – without question – entitled to unpaid overtime compensation *and liquidated damages*.[2]

29. During the midst of Plaintiff's complaints of unpaid overtime, Plaintiff was also complaining that he was being treated in a hostile work environment by his immediate manager,

---

[2] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc.*, 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County*, 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp.*, 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

one Marcella Windle. This work environment was not rectified, and Plaintiff was ultimately terminated in late August 2017 in substantial part for his prior complaints of unpaid overtime compensation.

### Count I
### Violations of the Fair Labor Standards Act ("FLSA")
### (Failure to Pay Overtime Wages)
### - Against All Defendants -

30. The foregoing paragraphs are incorporated herein as if set forth in full.

31. At all times relevant herein, Defendants, are and continue to be, an "employer" within the meaning of the FLSA.

32. At all times relevant herein, Plaintiff was an "employee" within the meaning of the FLSA.

33. The FLSA requires covered employers, such as Defendants, to minimally compensate their "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works (*i.e.* hours in excess of 40 hours in a workweek).

34. At all times during his employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

35. Defendants knew that Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

36. Defendant failed to pay Plaintiff 1.5 times Plaintiff's regular rate of pay for each hour that he worked over 40 each workweek.

37. As a result of Defendants' failure to pay Plaintiff the overtime compensation due him, Defendants violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

38. Defendant Frischman is personally liable as he directly failed to properly compensate employees such as Plaintiff.[3]

## Count II
## Violations of the Fair Labor Standards Act ("FLSA")
### (Retaliation)
### - Against All Defendants -

39. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40. Plaintiff expressly complained to Defendants' management, including Defendant Frischman about non-payment of his overtime pay (primarily toward the end of his tenure with Defendants).

41. Defendants retaliated against Plaintiff by requiring him to work under a hostile work environment with his immediate manager Windle, who knowingly attempted to scrutinize and make every aspect of Plaintiff's work environment uncomfortable. The retaliation then extended to Plaintiff's termination from employment as aforesaid. Plaintiff was specifically terminated by Defendant Frischman to whom he had made complaints of unpaid overtime.

42. Any retaliation against Plaintiff for exercising his statutory rights to complain of unpaid overtime was *per se* unlawful. *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 131 S. Ct. 1325, 179 L. Ed. 2d 379 (2011)(it is illegal under the FLSA to retaliate against an employee for verbal or written concerns of unpaid overtime compensation).

---

[3] "[A]n individual is subject to liability when he or she exercises supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation while acting in the employer's interest." *White v. Eberle & Bci Servs.*, 2013 U.S. Dist. LEXIS 7542 (D.N.J. 2013); *see also Narodetsky v. Cardone Indus., Inc.*, 2010 U.S. Dist. LEXIS 16133, 2010 WL 678288 (E.D. Pa. 2010)(management may be individually liable under the FLSA for involvement in payroll and/or adverse actions with employment).

## Count III
## Violations of the Pennsylvania Wage and Collection Law(s)
### (Unpaid Wages)
### - Against All Defendants -

43. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44. Plaintiff was specifically informed he was entitled to 2 weeks of vacation by Defendants. Plaintiff properly accrued such vacation time, but he worked so much and never took vacation.

45. Upon termination from employment, Defendants refused to pay Plaintiff for his accrued vacation time as aforesaid.

46. These actions as aforesaid constitute violations of the Pennsylvania Wage and Collection Law(s).

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings and any other owed compensation. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered legal violations at the hands of Defendants until the date of verdict;

B. Plaintiff is to be awarded liquidated or punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F. Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari Karpf
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: September 6, 2017

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

FRANCISCO ARACENA : CIVIL ACTION

v.

PAVILION APARTMENTS PENN, LLC, ET AL. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 9/11/2017 | [signature] | Plaintiff |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 4902 North Camac Street, Philadelphia, PA 19141

Address of Defendant: 3901 Conshohocken Ave, Philadelphia, PA 19131; 10 Hill St, Suite 1E, Newark, NJ 07102

Place of Accident, Incident or Transaction: Defendants place of business
_(Use Reverse Side For Additional Space)_

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. _Federal Question Cases:_
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. _Diversity Jurisdiction Cases:_
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
_(Check Appropriate Category)_

I, Ari R. Karpf, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 9/11/2017          Attorney-at-Law          ARK2484    Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/11/2017          Attorney-at-Law          ARK2484    Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ARACENA, FRANCISCO

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
PAVILION APARTMENTS PENN, LLC, ET AL.

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | 310 Airplane | ☐ 365 Personal Injury - Product Liability | | 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | 315 Airplane Product Liability | | ☐ 690 Other | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | [X] 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act "FLSA" (29USC201)

Brief description of cause:
Violations of the FLSA and applicable state law(s).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 9/11/2017

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

[Print]  [Save As...]  [Reset]