IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCISCO ARACENA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PAVILLION APARTMENTS PENN, LLC, PF HOLDINGS, LLC, and ELI FRISCHMAN. | :<br>: | NO. 17-4043 |

**O R D E R**

AND NOW, this 19th day of March 2018, upon consideration of the parties' joint Stipulation of Settlement, and for the reasons set forth in this Order, the Settlement Agreement and Release of Claims ("Settlement Agreement") reached between the parties is HEREBY APPROVED.

Plaintiff initiated this lawsuit on September 11, 2017, against defendants, his former employer and the employer's Regional Property Manager, claiming violations of the Fair Labor Standards Act ("FLSA") and the Pennsylvania Wage Payment and Collection Law.  Doc. 1.  On November 27, 2017, the Honorable Gerald J. Pappert referred the matter to me for a settlement conference.  Doc. 8.  I held a teleconference with counsel on December 12, 2017, and convened an in-person settlement conference on January 24, 2018, prior to the parties' engaging in discovery.  The parties reached an agreement in principle at the conference.  They thereafter requested that I take jurisdiction of the matter, and Judge Pappert referred the matter to me for all purposes.  Doc. 13.  The parties have now submitted to me their completed Settlement Agreement.

Claims under the FLSA may be settled or compromised if the employees present to the district court a proposed settlement for scrutiny. Lynn's Food Store v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Upon review, "the district court may enter a stipulated judgment if it determined that the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" Brumley v. Camin Cargo Control, Inc., Civil Action Nos. 08-1798, 09-6128 & 10-2641, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting Lynn's Food, 679 F.2d at 1354).

Although Defendants had not yet filed an answer at the time of the settlement conference, negotiations between the parties demonstrated the existence of a bona fide dispute. The Settlement Agreement the parties submitted is consistent with the terms reached in principle at the conference, and in my determination, it is a fair and reasonable resolution of the dispute. At this early stage, both parties face the costs of litigation and an unknown outcome as to the merits of their positions. Plaintiff and Defendants negotiated with each other prior to coming to the settlement conference, and reached the agreement terms more formally with their counsel and myself overseeing the discussions. I am satisfied that the negotiations were conducted fairly and at arms' length.

With regard to attorneys' fees and costs, the Settlement Agreement provides for a gross settlement amount of $42,500.00, with $15,186.93 of that sum (or 35.73 percent) payable to counsel in attorneys' fees and costs. Settlement Agreement at 2, section 1A(3). The court finds that this fee arrangement, which represents thirty-three percent of the settlement plus costs, to be fair and reasonable. The amount paid to Plaintiff,

$27,313.07, is a fair and reasonable settlement of his claims and the risks associated with further litigation.

Consistent with the parties' agreement, they shall both fully execute the Settlement Agreement forthwith.

                                      BY THE COURT:

                                      /s/ELIZABETH T. HEY
                                      _____
                                      ELIZABETH T. HEY, U.S.M.J.